In re Athena L. SANCHEZ, Debtor.

Lawrence P. Sumski, Trustee, Plaintiff,

v.

Athena L. Sanchez, Defendant.

No. 00–13212–MWV.

United States Bankruptcy Court,
D. New Hampshire.

Nov. 30, 2001.

Geraldine Karonis, Office of U.S. Trustee, Manchester, NH, for U.S. Trustee.

Lawrence Sumski, Amherst, NH, Chapter 13 Trustee.

Mark Cornell, Concord, NH, for Debtor.

## *MEMORANDUM OPINION*

MARK W. VAUGHN, Chief Judge.

The Court has before it the Chapter 13 Trustee's ("Trustee's") motion to dismiss or convert Athena L. Sanchez's ("Debtor's"/"Defendant's") case from Chapter 13 to Chapter 7. The Trustee claims that the Debtor's Chapter 13 Plan ("Plan"), captioned "Second Amended Plan Dated April 14, 2001," does not meet the liquidation test under section 1325 of the United States Bankruptcy Code. At a hearing held on October 12, 2001, the Court heard the parties and thereafter took the matter under submission. For the reasons set forth below, the Court denies the Trustee's motion and confirms the Debtor's Chapter 13 plan.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### BACKGROUND

Debtor filed for bankruptcy under Chapter 13 on November 17, 2000. Thereafter, the Debtor sustained injuries in a traffic

accident. In her Memorandum in Support of Confirmation ("Memorandum"), the Debtor has indicated she intends to pursue a claim against the other driver's insurance carrier, asserting that the other driver was at fault. (*See* Court Doc. #11)

Subsequently, the Debtor filed an amended plan on August 14, 2001, which is the subject of the instant matter. Under the Plan, the Debtor provided for payments of $100.00 per month for a period of 36 months, proposing to pay $1,000.00 in Debtor's attorney's fees, $360.00 in Trustee's fees, $1,850.00 for a secured arrearage, and $390.00 to unsecured creditors. The unsecured claims as filed total $3,809.94 and Debtor's plan proposes to pay approximately ten percent towards these claims. In her hypothetical liquidation analysis, the Debtor calculates that there would be no distribution to unsecured creditors under Chapter 7, indicating her plan meets the "best interest of creditors" test because the unsecured creditors would receive a greater dividend under her proposed Chapter 13 Plan. The Debtor. however, does not include her potential personal injury claim in the hypothetical liquidation calculation.

The Trustee argues, and the Debtor does not dispute, that the potential personal injury recovery is property of the Chapter 13 estate pursuant to 11 U.S.C. § 1306. The parties disagree, however, as to whether such a post-petition claim must be factored into a Chapter 13 Plan's liquidation analysis pursuant to 11 U.S.C. § 1325. Since the Trustee alleges that the plan does not meet the liquidation test required by § 1325, he asks the Court to dismiss or convert Debtor's Chapter 13 case.

## DISCUSSION

In order for a Chapter 13 plan to be confirmed, it must meet the "best interest of creditors" test articulated in § 1325(a)(4) of the Bankruptcy Code. Section 1325 provides that:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

11 U.S.C. § 1325(a)(4). The issue before this Court is what property constitutes property of the estate for purposes of the hypothetical liquidation test in Chapter 13. More specifically, does the test include such property which is included in a Chapter 7, as well as a Chapter 13 estate, pursuant to § 541 or the additional property only included in a Chapter 13 estate pursuant to § 1306? *See* 11 U.S.C. §§ 541 and 1306.

Section 541(a) states, in relevant part, that:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541. Section 1306 provides: "[p]roperty of the estate includes, in addition to the property specified in section 541 of this title[:] (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed,

dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first...." *Id.* § 1306.

In the present case, the Debtor's potential personal injury claim arose post-petition. In a Chapter 7 proceeding, the Trustee would not be able to liquidate a personal injury cause of action that occurred post-petition. *See* 11 U.S.C. § 541. Accordingly, in her Memorandum, the Debtor contends that the personal injury cause of action, although part of her Chapter 13 estate pursuant to § 1306, should not be included in the "best interest of creditors" test and cites *In re Barbosa* to support her contention. This Court agrees with the Debtor's contention.

*In re Barbosa* involved a Chapter 13 Trustee who sought an order compelling the Debtors to modify their plan so as to apply the proceeds from the sale of Debtor's property to increase the dividend paid to unsecured creditors. 236 B.R. 540, 544 (Bankr.D.Mass.1999), *Aff'd Barbosa v. Soloman*, 235 F.3d 31 (1st Cir.2000). The Court determined that the best interest test should be applied as of the effective date of the plan as modified. *Id.* at 555–56. In dicta, the Court stated that if the case was converted, the Trustee would be able to obtain and distribute the proceeds to the unsecured creditors because the property was property of the estate as of the commencement of the case. *Id.* at 554. Consequently, the Debtors' decision to withhold the excess proceeds did not satisfy the "best interests" test pursuant to § 1325(a)(4). *Id.*

In addition, there has been at least one reported decision, although also in the modification context, which involves the intersection of §§ 1325(a)(4), 1306, and 541, and a factual scenario similar to that of the present case. *See In re Forbes*, 215 B.R. 183 (8th Cir. BAP 1997). In *In re Forbes*, the parties disputed whether the settlement proceeds from a post-filing, post-confirmation cause of action should be included in the "best interests of creditors" test pursuant to § 1325(a)(4), as incorporated by § 1329(b)(1). *Id.* at 186. The Bankruptcy Appellate Panel for the Eighth Circuit determined that the Debtor's post-petition cause of action should not be included as property of the estate for purposes of a liquidation analysis under the "best interests of creditors" test for a Chapter 13 plan modification. *Id.* at 190. The Court reasoned that, since the focus of § 1325(a)(4) is on a distribution under Chapter 7, the proper inquiry under the "best interests of creditors" test is guided by § 541 of the Bankruptcy Code. *Id.* The scope of the liquidation analysis involves determining what would have been part of the bankruptcy estate at the time the Debtor filed his or her Chapter 13 petition. *Id.*

Further, *Collier's* states that "[t]he most logical and practical method for such valuation is to consider the value of the property that would have been liquidated in a chapter 7 cased filed on the date the chapter 13 petition was filed ... [because] [i]t is the property held on the date of the petition which must be reflected in the schedules that the court, the trustee and creditors must rely on in deciding whether confirmation is appropriate." 8 *Collier on Bankruptcy* ¶ 1325.05[2][a].

## Conclusion

In the present case, the Debtor's potential personal injury claim arose post-petition. In a Chapter 7 proceeding, the trustee would not be able to liquidate a personal injury cause of action that occurred post-petition. Accordingly, it should not be included as property of the estate for purposes of Chapter 7 hypothetical liquidation analysis in a Chapter 13

case. Consequently, the Court also finds that the Debtor's Plan is confirmed.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.